UNITED STATES of America,
Plaintiff–Appellee,

v.

Don TEMPLE, Defendant–Appellant.

No. 87–2159.

United States Court of Appeals,
Tenth Circuit.

Dec. 13, 1988.

Ralph E. Ellinwood of John F. Schaber, P.A., Deming, N.M., for defendant-appellant.

Robert J. Gorence, Asst. U.S. Atty. (William L. Lutz, U.S. Atty., with him on the brief), Dist. of New Mexico, Albuquerque, N.M., for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, and SETH and McKAY, Circuit Judges.

McKAY, Circuit Judge.

The defendant in this case was convicted of conspiracy and aiding and abetting the smuggling of illegal aliens from Mexico into the United States under 18 U.S.C. § 371 (1982) and 8 U.S.C. §§ 1324(a)(1)(A) and (B) (1982). The charged conspiracy spanned the time period from February 9 to March 1, 1987. On February 9, 1987, border patrol agents stopped an Oldsmobile carrying twelve illegal aliens near Columbus, New Mexico. The defendant was arrested based upon information obtained during this incident.

Prior to trial, the defendant moved to exclude government evidence offered under Fed.R.Evid. 404(b)[1] concerning prior acts of the defendant. The prior acts in issue included a 1983 incident in which the minor defendant[2] was stopped while driving a vehicle containing six illegal aliens to Albuquerque, New Mexico,[3] evidence that a car used by someone else to transport illegal aliens in March 1986 was registered to him, and evidence that in February 1986 he picked up a car from an INS impound lot with power of attorney from the owner. That car was later seized from the owner and his passenger, both illegal aliens. The defendant was not otherwise linked to or charged with any crimes arising out of the two 1986 incidents. The district court denied defendant's motion in limine and admitted evidence of all three incidents based upon the government's argument under Fed.R.Evid. 404(b).

When reviewing evidentiary rulings of a trial court, this court may only reverse upon a finding of abuse of discretion. *United States v. Cooper*, 733 F.2d 1360, 1366 (10th Cir.), *cert. denied, Threat v. United States*, 467 U.S. 1255, 104 S.Ct. 3543, 82 L.Ed.2d 847 (1984). In *United*

---

1. Fed.R.Evid. 404(b) states:

   **Other crimes, wrongs, or acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

2. The defendant contends he was 16; the government contends he was 17.

3. The government did not prosecute the defendant for that incident due to his age.

*States v. Biswell,* 700 F.2d 1310 (10th Cir. 1983), the court held that when offering evidence under Rule 404(b) the government " 'must carry the burden of showing how the proffered evidence is relevant to one or more issues in the case; specifically it must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence.' " 700 F.2d at 1317 (citing *United States v. Mehrmanesh,* 689 F.2d 822, 830 (9th Cir. 1982)). *Accord United States v. Kendall,* 766 F.2d 1426, 1436 (10th Cir.1985), *cert. denied,* 474 U.S. 1081, 106 S.Ct. 848, 88 L.Ed.2d 889 (1986). In order to meet the test for admissibility, "[t]here must be a clear and logical connection between the alleged earlier offense or misconduct and the case being tried." *Biswell,* 700 F.2d at 1317–18.

This court has unequivocally stated that before evidence of other wrongs is admissible, it:

(1) must tend to establish intent, knowledge, motive, identity or absence of mistake or accident; (2) must also be so related to the charge that it serves to establish intent, knowledge, motive, identity or absence of mistake or accident; (3) must have real probative value, not just possible worth; and (4) must be close in time to the crime charged.

*United States v. Morales–Quinones,* 812 F.2d 604, 612 (10th Cir.1987). If the trial court finds that the prior acts are admissible under Rule 404(b), it must still conduct a separate balancing of the probative value of the evidence and its prejudicial effect under Rule 403.[4] *United States v. Hogue,* 827 F.2d 660, 663 (10th Cir.1987).

At the pretrial hearing on the motion in limine the government offered evidence of the 1983 illegal transporting incident under Rule 404(b) in order to show the defendant's common plan, preparation, and intent to transport aliens. The government argued that the 1983 incident was substantially similar to the current crime for which defendant was indicted. In both cases illegal aliens were being transported by the same route and had paid their driver for transportation. The government contended that the only difference between the 1983 incident and the current charge was that the defendant was the driver in 1983 and was only an aider and abettor and conspirator in 1987.

The government made no reference in its oral argument on the motion to the 1986 registration in defendant's name or to the defendant's power of attorney in the impoundment incident. The court only discussed the 1983 incident in its denial of defendant's motion. Since all three incidents were offered under Rule 404(b) and all three were admitted at trial, we assume they were all admitted under Rule 404(b).[5] Indeed, it is the only possible theory supporting the admission of the evidence regarding the 1986 registration and power of attorney.

We decline to adopt such a broad view of Rule 404(b). While we agree that the 1983 incident was properly admissible under Rule 404(b), we find that the two 1986 incidents were not. This evidence— proper registration in the defendant's name of a car later used in illegal activity and the defendant's use of a power of attorney to pick up a car later used in illegal activity— is not sufficient as a matter of law to show a common plan to smuggle aliens in 1987. This circumstantial evidence is entirely too thin and remote to constitute valid Rule 404(b) material. If the defendant were charged with pattern or practice or a conspiracy to cover all the dates in question, limited circumstantial evidence of this sort might be admissible. However, the defendant here was charged with a conspiracy occurring between February 9 and March 1, 1987. The incidents in 1986 did not form part of the conspiracy for which the defendant was charged.

---

4. Fed.R.Evid. 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

5. The government, in its brief before this court, indicates that the 1983 incident was the only Rule 404(b) material admitted at trial. It does not articulate any theory for the admissibility of the two 1986 incidents.

The first five witnesses examined by the government in its case in chief dealt with Rule 404(b) material. The district court allowed this evidence to be emphasized to the prejudice of the defendant. The defendant should have been tried on his role in conspiring and aiding and abetting the smuggling of illegal aliens from February 9 to March 1, 1987, the charge for which he was indicted.

The government did not, and could not, offer evidence of the 1986 incidents to show the defendant's participation in the 1987 conspiracy for which he was indicted. Rule 404(a) excludes evidence of a person's character "for the purpose of proving action in conformity therewith." Fed.R.Evid. 404(a). Therefore, it prohibits attempts to prove a defendant's guilt by showing that the defendant has bad character or a propensity to commit crimes. Although Rule 404(a) generally excludes character and propensity evidence, evidence of prior acts may be admissible under Rule 404's exception. Fed.R.Evid. 404(b). If weak circumstantial evidence of prior bad acts is admitted under Rule 404(b), there is an inherent danger of prejudice to the defendant. The government cannot conduct a mini-trial on acts the defendant was never charged with under the guise of Rule 404(b). The particular evidence at issue here may be relevant under Rule 401,[6] but the probative value of such precarious evidence is substantially outweighed by the danger of unfair prejudice to the defendant under Rule 403.

This court has observed in the context of Fed.R.Evid. 609(a), that "[c]are should be taken to protect the accused as far as possible from being convicted because of past conduct and not the crime for which he is being tried." *United States v. Wolf,* 561 F.2d 1376, 1381 (10th Cir.1977). In *United States v. Dow,* 457 F.2d 246, 250 (7th Cir. 1972), the Seventh Circuit noted that when the effect of the prosecution's impeachment questions is to show a defendant's criminal propensities, such questions "unfairly prejudice the defendant as to his guilt or innocence of the specific crime charged." The *Dow* court went on to point out that "[g]uilt must be predicated upon evidence relevant to the offense charged, and not founded upon past crimes." *Id.* Although Rule 609(a) addresses impeachment of a defendant who takes the stand through cross-examination and not prior acts, the principle articulated in *Wolf* and *Dow* is a sound one in this context. It is essential when admitting evidence of prior acts that the court strive to avoid confusion and prejudice to the defendant.

The prejudice to the defendant in this case substantially outweighs the probative value of using this remote and tenuous evidence. The district court abused its discretion in admitting evidence of the 1986 incidents. Accordingly, we REVERSE and REMAND for retrial in accordance with this opinion.

---

6. Fed.R.Evid. 401 states: "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."