991 F.2d 806
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dexter E. PICKENS, Defendant-Appellant.
 No. 91-7095.
 United States Court of Appeals, Tenth Circuit.
 April 20, 1993.
 
 Before SEYMOUR and MOORE, Circuit Judges, and KELLY,* District Judge.
 ORDER AND JUDGMENT**
 SEYMOUR, Circuit Judge.
 
 
 1
 Dexter E. Pickens appeals from a conviction for conspiracy to violate the drug laws.[1] Mr. Pickens argues that the trial court committed two errors requiring reversal of his conviction: failure to grant a mistrial based upon prosecutorial misconduct, and the admission of evidence of prior crimes without the requisite showing under Fed.R.Evid. 404(b). Mr. Pickens further contends that the trial court committed error in setting his sentence. We find no error in the proceedings below requiring reversal and therefore affirm.
 
 
 2
 Mr. Pickens argues there is insufficient evidence to sustain his conviction for conspiracy. We review the evidence in the light most favorable to the government to determine whether the evidence is substantial enough to establish guilt beyond a reasonable doubt. United States v. Kendall, 766 F.2d 1426, 1429 (10th Cir.1985), cert. denied, 474 U.S. 1081 (1986). Although Mr. Pickens was acquitted of the substantive offenses underlying the conspiracy, this does not preclude a conviction for conspiracy. See United States v. Hill, 971 F.2d 1461, 1467 (10th Cir.1992) (en banc). In considering all of the evidence presented against Mr. Pickens, including evidence of the counts from which he was acquitted, we believe there is substantial evidence to sustain his conspiracy conviction.
 
 
 3
 Mr. Pickens next argues that the trial court abused its discretion in failing to grant a mistrial based upon prosecutorial misconduct. This issue was fully considered in the case of one of Mr. Pickens' co-defendants, United States v. Williams, No. 91-7094 (10th Cir., April 19, 1993). In that case, we held that the alleged misconduct was rendered harmless by the trial court's instruction to the jury to disregard the evidence. Therefore, the trial court did not err in refusing to grant a mistrial.
 
 
 4
 Mr. Pickens' third argument concerns the testimony of Wanetta Lee in which she stated that she purchased cocaine from Dexter Pickens in the past. Mr. Pickens contends that the trial court erred in admitting Ms. Lee's testimony because the court did not make the necessary findings under Fed.R.Evid. 404(b). The Government argues that the drug transactions Ms. Lee spoke of took place within the time frame of the conspiracy and therefore are not "other crimes" within the meaning of Rule 404(b).
 
 
 5
 Ms. Lee testified that she began using drugs in 1988, rec., vol. VI, at 3.571, and that when she began using drugs, she "bought them from Dexter a couple of times." Id. The exact time in 1988 of the purchases from Dexter Pickens is uncertain. The indictment charges a conspiracy starting "on or about the summer of 1988." Rec., vol. I, doc. 1, at 11. While the "on or about" language allows courts to consider events which occurred prior to the date stated in the indictment, United States v. Young, 862 F.2d 815, 818-19 (10th Cir.1989), we decline the Government's invitation to consider events which have taken place as much as six months before the stated beginning of the conspiracy. Therefore, Ms. Lee's testimony concerns events which are "other crimes," and must be analyzed under Rule 404(b).
 
 
 6
 We review the trial court's admission of evidence for abuse of discretion. United States v. Temple, 862 F.2d 821 (10th Cir.1988). Rule 404(b) allows the admission of "other crimes" so long as such testimony is admitted for a proper purpose.[2] Huddleston v. United States, 485 U.S. 681, 685 (1988). The government argues that Ms. Lee's testimony was offered to show motive and intent. Mr. Pickens' attorney argued in his opening statement that Mr. Pickens was a mere drug user and not a drug dealer. Thus, it was proper to admit Ms. Lee's testimony in order to rebut Mr. Pickens' defense and prove motive or intent.
 
 
 7
 Mr. Pickens points out that the trial court did not make findings as to the purpose or basis for the admission of Ms. Lee's testimony. This failure is harmless if "the purpose for admitting the other acts testimony is apparent from the record, and the district court's decision to admit was correct." United States v. Orr, 864 F.2d 1505, 1511 (10th Cir.1988). We believe the record clearly demonstrates the purpose for the admission of Ms. Lee's testimony, and that such admission was not unfairly prejudicial to Mr. Pickens. Therefore, we hold that the trial judge did not abuse his discretion in admitting Ms. Lee's testimony.
 
 
 8
 Finally, Mr. Pickens argues that the trial court erroneously considered charges from which he was acquitted and a quantity of drugs not reasonably foreseeable in setting his sentence. Mr. Pickens was sentenced to 168 months based on 494.6 grams of cocaine base. In sentencing a defendant for conspiracy, the base level offense is determined by the conduct of the defendant and conduct "for which the defendant would be otherwise accountable." U.S.S.G. § 1B1.3(a)(1) (1991). Conduct for which a defendant is otherwise accountable includes "conduct of others in furtherance of the execution of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant." U.S.S.G. § 1B1.3, comment n. 1 (1991). Mr. Pickens argues that the scope of the conspiracy was not reasonably foreseeable to him and thus he should not have been sentenced for 494.6 grams.
 
 
 9
 We review the trial court's factual findings under the clearly erroneous standard, United States v. Sanders, 929 F.2d 1466, 1475 (10th Cir.), cert. denied, 112 S.Ct. 143 (1991), giving due deference to a sentencing judge's application of the Sentencing Guidelines to the facts. United States v. Coleman, 947 F.2d 1424, 1426 (10th Cir.1991), cert. denied, 112 S.Ct. 1590 (1992); 18 U.S.C. § 3742(e) (1988). The sentencing judge specifically found that "Dexter Pickens had a reasonably foreseeable knowledge of the purpose and scope of the drug sale activity engaged in with defendants Eddie Williams and Johnnie Pickens." Rec., vol. VIII, at 115. In making this determination, the court relied upon information contained in counts of which Mr. Pickens was acquitted. Use of information from counts of acquittal is proper, Coleman, 947 F.2d 1428-29, provided that such factual determinations are supported by a preponderance of the evidence. United States v. Easterling, 921 F.2d 1073, 1077 (10th Cir.1990), cert. denied, 111 S.Ct. 2066 (1991). The district court found that the reliability of the information contained in the counts of acquittal "has been established by a preponderance of the evidence." Rec., vol. VIII, at 113. Reviewing the record and the sentencing judge's explicit findings, we cannot say that the factual determinations underlying Mr. Pickens' sentence are clearly erroneous.
 
 
 10
 The judgment of the District Court is AFFIRMED.
 
 
 
 *
 The Honorable Patrick F. Kelly, United States District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The indictment alleges that Mr. Pickens conspired to distribute cocaine, to possess cocaine with intent to distribute, and to use a communication facility to facilitate the commission of these offenses
 
 
 [2]
 Fed.R.Evid. 404(b) provides:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.