46 F.3d 1152
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Chris FAIRCHILD, Defendant-Appellant.
 No. 93-3089.
 United States Court of Appeals, Tenth Circuit.
 Jan. 12, 1995.
 
 1
 Before BALDOCK and EBEL, Circuit Judges, and CARRIGAN, District Judge.*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 CARRIGAN, District Judge.
 
 
 4
 Appellant Chris Fairchild was convicted of conspiring to distribute cocaine in violation of 18 U.S.C. Secs. 841(a)(1), 841(b)(1)(B)(ii), and 846. He appeals, asserting that: (1) his Sixth Amendment rights were violated because the district court prevented him from fully cross-examining government witnesses and presenting the witnesses of his choice; (2) the district court erred in allowing cross-examination on the subjects of his urinalysis and failure to file tax returns; and (3) there was insufficient evidence on which to base his conviction. We affirm.
 
 
 5
 I. FACTUAL BACKGROUND.
 
 
 6
 The indictment alleged that Chris Fairchild, Douglas Fairchild, and Deborah Ann Peet conspired to sell cocaine to Paul Day between September 1987 and March 1991 utilizing the following scheme: Mr. Day wrote checks to third parties from his parents' business, Day Cattle Company, and delivered them to Mr. Doug Fairchild. Mr. Doug Fairchild deposited the checks in his personal bank account or the account of a car repair business he owned with the appellant. Alternatively, the checks were given to Ms. Peet who deposited them in her personal account. The funds then were withdrawn and returned to Mr. Day, who used them to pay for cocaine. Neither the Fairchilds nor Ms. Peet had any relationship with the payees, nor were they authorized to negotiate instruments on behalf of the payees.
 
 
 7
 The FBI and the IRS became aware of this scheme and conducted an investigation that focused on Mr. Day. During questioning, Mr. Day admitted that the proceeds of the checks had been used to pay for cocaine that he had purchased from Mr. Douglas Fairchild. He also agreed to cooperate with the investigators in gathering evidence against Ms. Peet and the Fairchilds. During the fall of 1990 and early spring of 1991, Mr. Day secretly tape recorded conversations in which Mr. Douglas Fairchild admitted providing cocaine to Mr. Day and Ms. Peet admitted laundering money.
 
 
 8
 II. ADMISSIBILITY OF EXCULPATORY EVIDENCE.
 
 
 9
 A. Exclusion of Defense Witnesses.
 
 
 10
 At trial, the appellant attempted to present a defense that, at most, he had laundered money for Mr. Day so that Mr. Day could support his lavish lifestyle. Appellant subpoenaed Lavaughn Newsom and Gary Doud who were prepared to testify that they also had cashed third-party checks for Mr. Day, but that no cocaine had been involved. The district court refused to allow this testimony on the ground that it was not material.[1] Appellant asserts that the court's ruling prohibited him from presenting a defense in violation of the Sixth Amendment.
 
 
 11
 Evidentiary rulings are reviewed for an abuse of discretion. United States v. Temple, 862 F.2d 821, 822 (10th Cir.1988). To establish a Sixth Amendment violation, the appellant must show that the proffered testimony was material and favorable to his defense.[2] United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982).
 
 
 12
 First, the appellant argues that Mr. Newsom's and Mr. Doud's testimony was material and favorable to his defense because it would have impugned Mr. Day's credibility. If offered for that purpose, however, it was merely cumulative of other evidence showing that Mr. Day was a liar, forger, thief, gambler, drug abuser and drunk. Failure to admit cumulative evidence does not violate the Sixth Amendment. United States v. Swingler, 758 F.2d 477, 497-98 (10th Cir.1985).
 
 
 13
 Second, the appellant asserts that this testimony should have been admitted pursuant to Fed.R.Evid. 406 as evidence of Mr. Day's habits. However, stealing money through check forgery cannot become a semi-automatic act; thus it does not constitute a habit under that rule.[3] Cf. United States v. Troutman, 814 F.2d 1428, 1455 (10th Cir.1987) (extortion or refraining from extortion does not constitute habit).
 
 
 14
 Finally, the appellant argues that the fact that Mr. Newsom and Mr. Doud had cashed checks for Mr. Day without exchanging drugs is relevant to show that no drugs were involved in the Fairchild/Peet check-cashing scheme. The check cashing by Mr. Newsom and Mr. Doud, however, had occurred at different times and involved different checks from those charged in the indictment. Further, the government maintains that some of the transactions between Mr. Day and Mr. Newsom did involve cocaine. In fact, Mr. Doud and Mr. Newsom were under government investigation at the time of trial.
 
 
 15
 The district court has wide discretion to limit testimony that is collateral to the issues charged in the indictment. United States v. Scopo, 861 F.2d 339, 345 (2d Cir.1988), cert. denied, 490 U.S. 1048 (1989). Further, "[t]o permit defense counsel to elicit detailed facts about a witness' past criminal activity in unrelated crimes could impair the government's investigation and trial of criminal cases involving that activity." United States v. Hirst, 668 F.2d 1180, 1184 (11th Cir.1982). We conclude that it was not an abuse of discretion for the court to exclude Mr. Doud's and Mr. Newsom's testimony as immaterial, nor did this ruling violate the Sixth Amendment.
 
 
 16
 B. Inability to Cross-Examine Witnesses.
 
 
 17
 Appellant complains that he was not allowed to cross-examine Mr. Day fully regarding (1) Mr. Day's negotiation of two checks after April 29, 1988, despite Mr. Day's testimony that he could not obtain checks after that date,[4] and (2) the crimes underlying Mr. Day's plea agreement.
 
 
 18
 The right to cross-examine a witness is implicit in the right of confrontation. Chambers v. Mississippi, 410 U.S. 284, 295 (1973); Smith v. Illinois, 390 U.S. 129, 131 (1967). The district court may limit cross-examination, however, where the questions are irrelevant, Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986), or cumulative. United States v. Williams, 963 F.2d 1337, 1340 (10th Cir.1992).
 
 
 19
 Here the precluded areas of inquiry pertained only to Mr. Day's credibility. As discussed above, Mr. Day's credibility was thoroughly attacked through other avenues of inquiry. Thus, we conclude that the district court did not err in limiting the appellant's cumulative cross-examination of Mr. Day.
 
 
 20
 III. EVIDENCE OF POSITIVE URINALYSIS AND FAILURE TO FILE TAX
 
 
 21
 RETURNS.
 
 
 22
 At the time of his arrest, the appellant had tested positive for cocaine use. As a condition of pretrial release he had been placed in a drug screening program. On direct examination he admitted using cocaine. On cross-examination the government, over the appellant's objection, asked the appellant about his positive drug test and about having been placed in the drug screening program. He also was asked about his alleged failure to file income tax returns for the years 1987 through 1991. Appellant asserts that allowing these lines of questioning constituted error because Fed.R.Evid. 404(b) prohibits using prior bad acts to attack credibility.
 
 
 23
 Rule 404(b) states in pertinent part: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show an action in conformity therewith." The rule does not address using evidence of prior bad acts for purposes of impeachment.[5]
 
 
 24
 Impeachment through evidence of prior bad acts is governed by Fed.R.Evid. 608. Rule 608 provides that a witness may be cross-examined as to specific instances of prior conduct if the conduct is probative of truthfulness or untruthfulness. Clearly evidence of the appellant's failure to file tax returns is probative of truthfulness or untruthfulness. Clearly evidence of the appellant's failure to file tax returns is probative of truthfulness or untruthfulness and therefore is admissible under Rule 608. See United States v. Wilson, 985 F.2d 348, 351-52 (7th Cir.1993); Chnapkova v. Koh, 985 F.2d 79, 82 (2d Cir.1993).
 
 
 25
 While drug use may be used to attack a witness's ability to perceive the underlying events and testify lucidly at trial, it may not be used to attack general credibility. Jarrett v. United States, 822 F.2d 1438, 1446 (7th Cir.1987); United States v. Sellers, 906 F.2d 597, 602 (11th Cir.1990). Drug use is not probative of untruthfulness any more than other illegal conduct that does not involve deception. Accordingly, it is error to admit a witness's prior drug use for impeachment purposes pursuant to Fed.R.Evid. 608. Here, however, the error is harmless because the appellant admitted his drug use on direct examination. Harmless error does not require reversal. United States v. Wright, 826 F.2d 938, 943 (10th Cir.1987).
 
 
 26
 IV. SUFFICIENCY OF THE EVIDENCE.
 
 
 27
 Appellant contends that there was insufficient evidence upon which the jury could base his conviction.
 
 
 28
 A conviction will be affirmed when direct and circumstantial evidence, together with reasonable inferences to be drawn therefrom, viewed in the light most favorable to the government, would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt. United States v. Grimes, 967 F.2d 1468, 1472 (10th Cir.), cert. denied, 113 S.Ct. 355 (1992). A district court's determination as to the sufficiency of the evidence is reviewed de novo. Id.
 
 
 29
 Mr. Day testified that the appellant had delivered cocaine to him. In addition, Ms. Peet testified that the appellant had telephoned her instructions on how to cash the Day Cattle Company checks. Appellant also admitted having known that Mr. Day had been receiving cocaine in exchange for the money. Viewing the evidence in the light most favorable to the government, we conclude that a reasonable jury could find the appellant guilty beyond a reasonable doubt.[6]
 
 AFFIRMED
 
 
 *
 Honorable Jim R. Carrigan, United States District Judge for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 Appellant argues that he was denied the opportunity to call Mr. Newsom and Mr. Doud as defense witnesses. In fact, the district court did not deny compulsory process but simply sustained the government's objections to evidence of transactions outside the scope of the indictment
 
 
 [2]
 Error alone does not require reversal. Chambers v. Mississippi, 410 U.S. 284, 298 (1973). Rather the court must look at the ultimate impact of the error when viewed in conjunction with the trial court's refusal to permit the defendant to call other witnesses. Id
 
 
 [3]
 The Advisory Committee notes to Rule 406 state in pertinent part:
 A habit ... is the person's regular practice of meeting a particular kind of situation with a specific type of conduct, such as the habit of going down a particular stairway two stairs at a time, or of giving the hand-signal for a left turn, or of alighting from railway cars while they are moving. The doing of the habitual acts may become semi-automatic.
 
 
 [4]
 Appellant also complains that he was not allowed to cross-examine a government agent fully about this matter
 
 
 [5]
 Drug use is admissible under 404(b) to show plan, motive, or intent. See, e.g., United States v. Sturmoski, 971 F.2d 452, 459 (10th Cir.1992) (plan, motive, or intent in a drug trafficking case can be shown by evidence of prior drug use)
 
 
 [6]
 Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. See United States v. McBride, 786 F.2d 45, 51-52 (2d Cir.1986); United States v. Alonzo, 681 F.2d 997, 1002 (5th Cir.), cert. denied, 459 U.S. 1021 (1982)