**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 5 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CRAIG EARL BOWSER,

Defendant-Appellant.

No. 00-4038
(D.C. No. 99-CR-498-C)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **KELLY** , **McWILLIAMS** , and **JONES** ,** Circuit Judges.

In September 1999, defendant-appellant Craig Earl Bowser ("Bowser") was

charged with nine counts of uttering and possessing counterfeit securities of an

organization in violation of 18 U.S.C. § 513(a).  After a two day trial, Bowser

was convicted on counts 3 through 9 of the indictment.  Defendant now appeals

this conviction on the grounds that the evidence presented at trial was not legally

---

*       This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**       The Honorable Nathaniel R. Jones, United States Circuit Judge for the
Sixth Circuit, sitting by designation.

sufficient to support his conviction. For the reasons stated below, we affirm Bowser's conviction.

## I.

On September 1, 1999, Bowser was charged in a nine count indictment. Each count alleged that he violated 18 U.S.C. § 513(a), uttering and possessing a counterfeit security of an organization. At trial, the government introduced evidence that Bowser cashed nine checks that drew on accounts held by Voeks Properties and Mountain View Management. It is undisputed that these checks, which were printed on blank check paper using a computer software known as versi-check, were counterfeit and that the defendant never worked for or rented property from either Voeks Properties or Mountain View Management.

The government's evidence also indicated that Bowser cashed these checks over an eleven day period beginning on August 12, 1999, and ending on August 22, 1999. The checks were cashed at a number of different locations, and no more than two checks were tendered at the same location on the same day. In addition, no two checks bore the same signature. Some were forged by hand and others used a computer font for the signature. On seven of the nine checks, Bowser provided false addresses. He also provided different telephone numbers on six of the nine checks.

Upon completion of the government's case, Bowser made a motion for Judgement of Acquittal based on insufficiency of the evidence. The district court denied this motion. The defendant did not testify or offer any evidence of his own. The case was submitted to the jury, which returned a verdict of guilty on counts three through nine. Bowser now appeals his conviction to the United States Court of Appeals for the Tenth Circuit.

## II.

On appeal, defendant argues that the government did not introduce sufficient evidence to allow a trier of fact to find him guilty beyond a reasonable doubt. This Court reviews the denial of a motion for Judgment of Acquittal based on insufficient evidence *de novo*. *See United States v. Jackson*, 213 F.3d 1269, 1283 (10th Cir. 2000). In such cases, the Court must view the evidence in the light most favorable to the government and determine whether there is "sufficient direct and circumstantial evidence, together with reasonable inferences to be drawn therefrom, from which a trier of fact could find the defendant guilty beyond a reasonable doubt." *See United States v. Brown*, 200 F.3d 710, 713 (10th Cir. 1999).

## III.

In order to prove a violation of 18 U.S.C. § 513(a) the government must show: that (1) the defendant uttered or possessed a security he knew to be counterfeited, and (2) that the defendant did so with the intent to deceive another person or organization. 18 U.S.C. § 513(a). At trial, the government put forth several pieces of evidence to prove that Bowser knowingly passed counterfeit checks. As noted above, the government presented testimony that the defendant could not have believed that he had a legal right to cash these checks because he did not have any relationship with either of the companies whose checks he passed. The illegitimate nature of these checks was further demonstrated by the fact that they were signed in a number of different ways. Some were signed with similar but not identical handwriting and others were signed using a computer font.

In addition, the government also put forth evidence that the defendant took steps to prevent detection of his illegal behavior. For example, Bowser did not pass more than two checks at any one location and made sure that he passed only one Voeks Properties and one Mountain View check at each location. Furthermore, the government notes that the inference that Bowser knew he was behaving illegally is also supported by evidence that he used six different false

-4-

telephone numbers on the checks and used a false address on seven of the nine checks.

On appeal, Bowser's attorney argues that although the government's evidence demonstrates that the defendant knew that it was illegal to cash these checks, the evidence does not necessarily prove that he knew that the checks were counterfeit. Bowser's attorney points out that in many cases checks are stolen from the mail and forged or counterfeited. Although Bowser did not testify at trial, his attorney implies that someone stole these checks, counterfeited them and gave them to Bowser without telling him that they were counterfeit. Accordingly, he argues that when Bowser obtained these checks, he might have thought that they were stolen but not necessarily counterfeit. Bowser's attorney asserts that it is plausible that the defendant was ignorant of these checks' counterfeit nature since there is nothing on the faces of the checks that suggests that they are counterfeit.[1]

---

[1]In support of this argument, Bowser's attorney cites a number of cases in which the Tenth Circuit and other courts have addressed the standard of proof necessary to support conviction for uttering and possessing counterfeit government securities (counterfeit money) in violation of 18 U.S.C. § 472. *See United States v. Cooper*, 733 F.2d 1360, 1365 (10th Cir. 1984); *United States v. Palacios*, 835 F.2d 230, 233 (9th Cir. 1987). However, the § 472 counterfeiting cases that the defendant's attorney cites are not controlling in this § 513 case. While the type of evidence that is introduced in a §472 cases involving counterfeit government securities is often similar to the type of evidence that is introduced in § 513 cases involving the securities of private organizations, the inferences that follow from

(continued...)

Although Bowser's theory of the case is not outside of the realm of possibility, it is not so compelling that it precludes a trier of fact from finding Bowser guilty beyond a reasonable doubt. As noted above, when this Court reviews a sufficiency of the evidence claim we view the evidence in the light most favorable to the government. *See United States v. Brown*, 200 F.3d at 713. The pertinent question is whether there is "sufficient direct and circumstantial evidence, together with reasonable inferences to be drawn therefrom, from which a trier of fact could find the defendant guilty beyond a reasonable doubt." *Id*.

Viewing the evidence in a light most favorable to the government, we find that the defendant possessed and passed counterfeit checks in a way that clearly indicates that he knew that these checks were illegitimate. One reasonable inference from his suspicious behavior is that he knew the checks were counterfeit. Although it is true that the government has not introduced evidence that conclusively excludes the possibility that Bowser received the counterfeited checks thinking that they were stolen but not necessarily counterfeit, such a

[1](...continued)
the evidence are quite different. For example, the mere fact that a person passes multiple counterfeit twenty dollar bills (government securities) may not provide a particularly strong indication that he knew that the bills were counterfeit given that he could have obtained the bills in any of numerous cash transactions. In contrast, the passing of several counterfeit checks (private securities) creates a stronger indication of guilty knowledge since the average person has few opportunities to unknowingly obtain and pass multiple counterfeit checks.

showing is not required in order support this conviction.  As this Court has held on several occasions, the government is not required to introduce evidence that conclusively excludes every reasonable hypothesis except guilt.  *See United States v. Hager*, 969 F.2d 883, 888 (10th Cir. 1992); *United States v. Henry*, 468 F.2d 892, 894 (10th Cir. 1972).  Rather, "[t]he evidence must only reasonably support the jury's finding of guilt beyond a reasonable doubt." *Id*. (citing *United States v. Parrish*, 925 F.2d 1293, 1297 (10th Cir. 1991)).  Accordingly, we find that the government's evidence of Bowser's evasive behavior is sufficient to allow a reasonable jury to find that he knowingly uttered and possessed counterfeit securities beyond a reasonable doubt.

Judgment affirmed.

Entered for the Court

Nathaniel R. Jones
Circuit Judge