UNITED STATES of America,
Plaintiff—Appellee,

v.

Dwayne KELLUM, Defendant—
Appellant.

United States of America,
Plaintiff—Appellant,

v.

Dwayne Kellum, Defendant—Appellee.

Nos. 02–50555, 02–50561,
02–50586, 02–50587.
D.C. Nos. CR–01–00599–CAS–
01, CR–01–00784–CAS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 4, 2004.

Decided June 24, 2004.

Gregory J. Weingart, USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Deputy Federal Public Defender, FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before SILVERMAN, GOULD, and BEA, Circuit Judges.

MEMORANDUM *

On August 16, 2001, Dwayne Kellum was indicted on nine counts arising out of

his alleged cashing and attempted cashing of forged and counterfeit checks through a Fidelity Investments ("Fidelity") brokerage account (the "Fidelity account"). After trial in the United States District Court for the Central District of California, Kellum was convicted of mail fraud, possession and uttering of forged and counterfeit securities, and concealment money laundering. On appeal, Kellum asserts that the government failed to adduce legally sufficient evidence to convict him of any of the charges he faced. Kellum further maintains that the indictment count charging him with possession and uttering of forged and counterfeit securities was fatally defective in that it failed to allege an essential element of the offense. Lastly, Kellum claims that the district court committed error at sentencing in the calculation of his criminal history score.[1]

We review de novo Kellum's claims that his criminal convictions are unsupported by sufficient evidence. *United States v. Carranza,* 289 F.3d 634, 641 (9th Cir.2002). "There is sufficient evidence to support a conviction if, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Booth,* 309 F.3d 566, 574 n. 5 (9th Cir.2002) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

Kellum's sufficiency of the evidence challenge fails with respect to all of the counts of conviction. On the mail fraud counts, the government's evidence established that Kellum used mailed Fidelity check drafts to make personal use of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. In this memorandum disposition, we resolve solely Kellum's appeal of his convictions. We resolve the merits of the government's cross-appeal in this case in an opinion filed simultaneously with this memorandum disposition.

fraudulently-acquired funds deposited in the Fidelity account, incident to an essential part of Kellum's fraudulent scheme. *See United States v. Lo,* 231 F.3d 471, 478 (9th Cir.2000) ("Although a mailing must occur in the execution of the scheme—that is as a step in the plot—the mailing need not be an essential element of the scheme. Rather, it is sufficient if the mailing is *incident* to an essential part of the scheme.") (internal citations and quotation marks omitted).

■ The government also presented sufficient evidence to support Kellum's conviction for concealment money laundering. This allegation was based on Kellum's purchase of a Wells Fargo Bank cashier's check with a manual check drawn on the Fidelity account. Under 18 U.S.C. § 1956(a)(1)(B)(i), the government was required to prove, *inter alia,* that Kellum intended the transaction "to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity." Kellum maintains that there was no concealment in his transaction. His theory is that Fidelity is not itself a bank and, because all deposits to Fidelity accounts are sent to Wells Fargo for processing, he had to go to Wells Fargo to cash the check issued on his Fidelity account. However, a rational jury could find on the government's evidence that by purchasing the Wells Fargo cashier's check, Kellum helped to conceal the Fidelity account as the source of his fraudulently-obtained assets, making it harder for federal investigators to discover the existence of the Fidelity account. *See United States v. Tekle,* 329 F.3d 1108, 1114 (9th Cir.2003), *cert. denied,* 540 U.S. 960, 124 S.Ct. 419, 157 L.Ed.2d 299 (2003) ("The necessary concealment ... is that of the source of the funds, not the identity of the money launderer.").

Kellum also contends that there was insufficient evidence to support his conviction on the counts of uttering or possessing forged and counterfeit securities. 18 U.S.C. § 513(a) requires that the government prove that a counterfeit security is of, *inter alia,* an "organization" operating in interstate commerce. At trial, the government urged that the banks upon which the checks uttered or possessed by Kellum were drawn were organizations as required by § 513(a), and offered proof, which Kellum does not contest, that these banks operated in interstate commerce. Kellum disputes the government's theory, asserting that the checks are securities of the account holders, and not the banks.

We have previously stated that the government may be able to prove violation of § 513 "by showing that the banks which issued the check operated in interstate commerce (on the theory that the checks were securities of the banks)." *United States v. Barone,* 71 F.3d 1442, 1446 n. 10 (9th Cir.1995). This is consistent with the broad definition given to the term "organization" by § 513(c)(4), which does not limit ownership of a security to a single organization. A rational fact-finder could conclude that the securities uttered or possessed by Kellum were securities of both the issuing banks and account holders.

■ Kellum further maintains that the government failed to prove that he knew that the checks he uttered or possessed were counterfeit or forged. Contrary to Kellum's assertion, § 513 does not require that the government prove that a defendant have knowledge that a security he possessed was forged or counterfeit. Section 513 only requires that a defendant utter or possess a security that is actually forged or counterfeit, and that he utter or possess the security with intent to deceive. *See* 18 U.S.C. § 513.

■ Kellum also challenges the sufficiency of the indictment count charging him with uttering or possessing forged or counterfeit securities. Because Kellum failed to raise this claim in the district court, we review for plain error, *United States v. Godinez–Rabadan,* 289 F.3d 630, 632 (9th Cir.2002), and construe the indictment liberally in favor of validity, *United States v. James,* 980 F.2d 1314, 1317 (9th Cir.1992). The indictment is valid if "the necessary facts appear in *any form* or *by fair construction* can be found within the terms of the indictment." *Id* (internal quotation marks omitted). Kellum asserts that because § 513(a) requires that a defendant intend to deceive "another" organization, the indictment was facially defective because it only alleged that he acted with "intent to deceive a person and *an* organization." Kellum contends that the indictment could be read to allege that he uttered a forged or counterfeit security of an organization in an attempt to deceive that same organization. Even accepting Kellum's § 513(a) interpretation for the sake of argument, his claim fails. Reading the indictment as whole, *see United States v. Davis,* 336 F.3d 920, 923 (9th Cir.2003), *cert. denied,* 540 U.S. 1137, 124 S.Ct. 1119, 157 L.Ed.2d 945 (2004), it alleges the elements of a § 513(a) violation. This challenged section of the indictment incorporated language fairly alleging that Kellum acted with an intent to deceive Fidelity, "another" organization under § 513(a). We conclude that the indictment contains the necessary allegations.

■ Finally, we reject Kellum's contention that the district erred in calculating his criminal history score under the Sentencing Guidelines, a claim that we review de novo. *Andrews v. Shalala,* 53 F.3d 1035, 1040 (9th Cir.1998). Kellum asserts that the district court improperly assessed against him a criminal history point arising from a probation revocation proceeding at which he was not permitted to be personally present. Kellum contends that this resulted in a violation of due process. However, the record does not support Kellum's claim. At sentencing, Kellum only asserted that he was not present at the revocation hearing, not that he was not permitted to attend. And the record reveals that Kellum's revocation proceeding was consistent with California law providing that a defendant on probation who is incarcerated on a later offense may have probation revoked *in absentia* upon court receipt of proof of a defendant's confinement. Cal.Penal Code § 1203.2a (2003).

**AFFIRMED.**