**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 4, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RANDY LEE (a/k/a JIMMY LEE),

    Defendant-Appellant.

No. 10-8031
(D.C. No. 1:09-CR-00232-ABJ-1)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **KELLY**, and **GORSUCH**, Circuit Judges.

For his participation in a scheme to defraud used truck buyers, a jury convicted Randy Lee of conspiracy, odometer tampering, and securities fraud. Mr. Lee claims that insufficient evidence supports his convictions, that the district court erred in admitting evidence of prior bad acts under Fed. R. Evid. 404(b), and that the district court improperly accepted an ambiguous verdict. Finding no merit in these contentions, we affirm.

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

The government indicted Randy Lee and his brother-in-law, Jay Lee, for scheming to defraud used car buyers from 2002 to 2006. According to the indictment, the pair purchased high mileage used trucks on behalf of their family's used car dealership, "Lee's RV's." The pair then rolled back the trucks' odometers, submitted false documents to the Wyoming department of motor vehicles to secure new title documents reflecting the new (false) mileage readings, and then sold the trucks to unsuspecting buyers at prices inflated by their (the Lees's) illegal acts.

At trial, the government amassed much evidence against Randy Lee. By way of example, Judy Marshall, an employee of Spradley Barr Motors, testified that her company sold a pick-up truck — referred to as vehicle 4 in the indictment — to Lee's RV's for $7,800. Ms. Marshall identified a title reassignment form signed by Randy Lee that listed the truck's mileage at the time of the sale as 210,245. Sue Johns, manager of the auto title department at the Laramie County Clerk's Office, later testified that, within a week, Randy Lee transferred this same truck to an "Anthony Romero," an alias, it turns out, used by Jay Lee. The title reassignment form for that transfer, however, listed the truck's mileage as 46,400, rather than 210,245. Ms. Johns further explained that, two days later, "Anthony Romero" secured a new title for the truck, and transferred the vehicle back to Lee's RV's through Randy Lee. The truck's mileage was at that time listed as

46,420.  Ultimately, the truck was sold by Lee's RV's for $11,735 — $3,935 more than the price at which Lee's RV's had earlier bought the truck.

Similar evidence came from David Pitt, vice president of Terry Pitt Construction.  He testified that he sold a truck — referred to as vehicle 5 in the indictment — for $4,300 to an individual identified as "John Marks," another of Jay Lee's aliases.  Mr. Pitt testified that the truck's mileage was 180,948 at the time of sale.  Nevertheless, Ms. Johns later testified that, when Randy Lee presented the truck's title to the Laramie County Clerk's Office about three months later, it had been altered to list the truck's mileage as 80,998, rather than 180,948.

The government presented similar evidence in connection with at least three other transactions — involving trucks identified as vehicles 6, 7, and 8 in the indictment.  At the conclusion of trial, the jury returned a verdict finding Randy Lee guilty of several felony counts.  It is this result Mr. Lee now appeals to us.

## II

Mr. Lee says he is entitled to an acquittal as a matter of law, or at least a new trial, for essentially three reasons.  First, he argues, the evidence at trial was insufficient to support the jury's verdict.  Second, he says the district court improperly admitted certain Rule 404(b) evidence.  Third, he contends the jury returned an inconsistent verdict.  We address each argument in turn.

- 3 -

A

In reviewing challenges to the sufficiency of the evidence supporting a jury's verdict, we ask whether, viewing the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have found as it did. *United States v. Rakes*, 510 F.3d 1280, 1284 (10th Cir. 2007). Mindful of this standard, we find the evidence amassed against Mr. Lee more than sufficient to sustain his convictions — convictions for conspiracy, aiding and abetting odometer tampering, and securities fraud.

To prove that Randy Lee conspired with Jay Lee to defraud used car buyers, the government had to show that (1) two or more persons agreed to violate the law, (2) the defendant knew the essential objectives of the conspiracy, (3) the defendant knowingly and voluntarily participated in the conspiracy, and (4) the alleged co-conspirators were interdependent. *United States v. Yehling*, 456 F.3d 1236, 1240 (10th Cir. 2006). Our review of the record in this case, only briefly summarized above, reveals it is replete with evidence of each of these things. A reasonable jury could well have concluded (as this jury did) that Randy Lee and his brother-in-law agreed to an effort to (among other things) defraud truck buyers; that Randy Lee knew this was one objective of the conspiracy; that he participated knowingly and freely; and that he and his brother-in-law were interdependent — that is dependent on each other to facilitate the venture's success.

To convict Randy Lee for aiding and abetting odometer tampering, the government had to show that he shared Jay Lee's intent to cause the odometers to inaccurately register mileage. 49 U.S.C. § 32703(2); *United States v. Willis*, 476 F.3d 1121, 1125 (10th Cir. 2007). Again, there was ample proof from which the jury could have made such a finding: the jury learned that Randy Lee was repeatedly provided with title documents that listed the correct mileage for the used trucks; and yet, when he presented those same documents to the county clerk's office, the mileage was routinely altered.

The jury was likewise entitled to find Randy Lee guilty of securities fraud. To support the charged securities fraud violation, the government had to establish, among other things, that Randy Lee uttered or possessed a security he knew to be forged and that he did so with intent to deceive another person, organization, or government. 18 U.S.C. § 513(a); *cf. United States v. Bowser*, 15 F. App'x 638, 639 (10th Cir. 2001) (unpublished). Randy Lee does not contest that vehicle certificates of title qualify as securities for purposes of this charge. *See* 18 U.S.C. § 513(c)(3)(D); *United States v. Reynolds*, No. 99-4215, 2000 WL 84470, at *1 (4th Cir. Jan. 27, 2000) (per curiam) (unpublished). And neither are any of the other elements before us open to serious contest: given the multiple instances in which Randy Lee presented the county clerk's office with vehicle titles that listed new, lower mileages, the jury could have reasonably concluded that Randy Lee

knew the titles were forged and intended to deceive that office and others in an effort to increase the resale value of his trucks.

B

Even if the evidence amassed against him was sufficient to sustain his convictions, Randy Lee argues the district court abused its discretion and so committed reversible error when it admitted evidence of his participation in other, similar transactions *prior* to the time period charged in the indictment.

We cannot agree. Randy Lee's primary trial strategy was to blame the criminal scheme entirely on co-defendant Jay Lee, while portraying himself as a hapless business who was duped by Jay Lee. Evidence showing that he engaged in earlier, similar transactions — at a time *before* he became involved with Jay Lee — is relevant to and tends to rebut this defense. The district court, thus, properly admitted the evidence pursuant to Fed. R. Evid. 404(b) to show "intent, preparation, plan . . . or absence of mistake." The district court took care, as well, to instruct the jury to consider this evidence only for purposes permitted by Rule 404(b), and not as improper propensity evidence.

To this, Randy Lee replies that his prior conduct was too old, too stale to be probative of his *mens rea* or any other appropriate Rule 404(b) inquiry. But we've stated that "[t]here is no absolute rule regarding the number of years that can separate offenses." *United States v. Cuch*, 842 F.2d 1173, 1178 (10th Cir. 1988) (quotations omitted). And here the Rule 404(b) evidence the district court

admitted related to Randy Lee's purchase of used vehicles from 1999 to 2002, years immediately preceding the 2002 start of the conspiracy charged in the indictment. We have upheld the use of Rule 404(b) evidence far older than this as probative of a defendant's intent. *See id.* at 1177-78 (over seven years).

Perhaps recognizing this infirmity, Randy Lee points us to two cases he claims are analogous, in which we reversed a court's admission of Rule 404(b) evidence, *United States v. Temple*, 862 F.2d 821 (10th Cir. 1988), and *United States v. Biswell*, 700 F.2d 1310 (10th Cir. 1983). But these cases fail to aid his cause. In *Temple*, we held that, in a defendant's trial for conspiracy and aiding and abetting the smuggling of illegal aliens, a substantially similar incident occurring four years earlier *was* admissible, but two other, dissimilar incidents nearer in time should have been excluded as "too thin and remote" to show a common plan. 862 F.2d at 823-24. In *Biswell*, meanwhile, we held that, in a trial for the unauthorized use and possession of food stamps, vague evidence of a defendant's gambling and dealings in stolen property should not have been admitted under Rule 404(b). 700 F.2d at 1317-19. By contrast, the proffered Rule 404(b) evidence admitted in *this* case was substantially similar to the odometer tampering scheme charged in the indictment and clearly relevant to the questions of Randy Lee's *mens rea* and the absence of mistake.

C

Finally, Randy Lee argues that the jury returned an inconsistent verdict with respect to his convictions for aiding and abetting odometer tampering.

To understand this argument, some background is helpful. Both the verdict sheet and the indictment grouped together the substantive charges of odometer tampering with the related charges of aiding and abetting that crime. So, for example, the verdict sheet read this way:

> As to the charge contained in Count Two of the Indictment charging Randy Lee with odometer tampering with respect to Vehicle Number 4 . . . *and* aiding and abetting therein, we unanimously find Randy Lee: Guilty or Not Guilty.

Aplt. App. Vol. I, at 76 (emphasis added). This grouping prompted the jury, prior to reaching a verdict, to submit the following question to the district court:

> The verdict sheets state the jury is to find the defendant Guilty or Not Guilty of a particular count <u>and</u> "aiding and abetting." The understanding the jury has . . . is that the jury can find the defendant Guilt[y] or Not Guilty of the count <u>or</u> "aiding and abetting." We would appreciate clarification of the issue.

Aplt. App. Vol. I, at 104. The court, in turn, responded with the following instruction: "You are instructed that the charges may be decided according to your finding either guilty or not guilty of the count, or guilty or not guilty of the count as an aider and abetter." Aplt. App. Vol. I, at 104.

When it returned its verdict, the jury marked "not guilty" for each of the substantive charges of odometer tampering, but wrote the words "guilty of aiding

- 8 -

and abetting" under each count. The district court promptly discussed all this with counsel for the government and Randy Lee, and both indicated that they saw no inconsistency in the jury's verdict — in their view, the jury was simply clarifying its separate findings on the substantive odometer tampering charges and the aiding and abetting charges. Aple. App. Vol. II, at 884-85. To confirm this fact, the district court polled the jury; all members of the jury then confirmed that they had found Randy Lee not guilty of the substantive counts of odometer tampering but guilty of aiding and abetting that crime. Only several days later did Randy Lee change course, arguing for the first time that the jury's verdict was inconsistent and so necessitated a new trial.

The district court rejected that argument and we do as well. A verdict is valid if "it . . . was certain, unqualified and unambiguous considering the circumstances of the receipt of the verdict and poll of the jurors relative to their verdict." *United States v. Ailsworth*, 138 F.3d 843, 846 (10th Cir. 1998) (quotations omitted); *United States v. Morris*, 612 F.2d 483, 490 (10th Cir. 1979). We do not see how the jury's verdict, as eventually accepted by the district court after its discussions with counsel and poll of the jury, might be reasonably understood as anything other than a clear, unqualified, unambiguous, and unanimous conclusion that Randy Lee was guilty of aiding and abetting odometer tampering.

The judgment of the district court is affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge