FILED
United States Court of Appeals
Tenth Circuit

April 8, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RANDY LEE,

Defendant - Appellant.

No. 14-8055
(D.C. Nos. 2:12-CV-00039-NDF and
1:09-CR-00232-ABJ-1)
(D. Wyo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

---

Appellant seeks a certificate of appealability to appeal the district court's denial of

his 28 U.S.C. § 2255 habeas petition.

Following a jury trial, Appellant was convicted in federal court on several charges

arising out of his participation in a scheme to roll back odometers on vehicles sold

through his family's used car dealership. We affirmed his convictions and sentence on

direct appeal. *United States v. Lee*, 401 F. App'x 336 (10th Cir. 2010). Appellant then

filed the instant § 2255 petition, in which he mainly raised claims of ineffective assistance

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of trial counsel. The district court concluded that he was not entitled to relief on any of his claims and denied his habeas petition.

Appellant seeks a certificate of appealabilty to appeal the dismissal of two of his ineffective assistance claims: (1) that trial counsel should have raised claims of vindictive and/or selective prosecution; and (2) that trial counsel should have inquired further or requested a juror replacement when one of the jurors informed the court mid-trial that he had worked with the government's handwriting expert at some point and had known him for years.

We conclude that reasonable jurists would not debate the district court's denial of either these claims. For substantially the same reasons given by the district court, we are convinced Appellant has not alleged facts which would give rise to a viable claim of vindictive or selective prosecution, much less shown that counsel was ineffective for failing to raise such a claim.

As for Appellant's habeas claim relating to the possible juror bias issue, we have reviewed not only the habeas appendix Appellant submitted on appeal but also the pertinent trial transcripts from Appellant's underlying criminal case.[1] Based on this review, we first note the record does not support Appellant's allegation that the juror was dishonest during voir dire. Rather, the record indicates that the juror did not realize he

---

[1] "[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979).

knew the expert, whose full name was not provided at voir dire, until the expert began to testify. Our review also persuades us that Appellant has not met his burden of showing that trial counsel provided constitutionally ineffective representation by failing to request a replacement or inquire further regarding the juror's acquaintance with the expert. At trial, counsel's defense strategy was not to controvert the expert's testimony that Appellant had signed various title documents, but rather to argue that Appellant had signed these documents without realizing or knowing the odometer readings on the documents were incorrect.[2] In light of the uncontroversial nature of the expert's testimony, we are not persuaded the juror's acquaintance with this witness gave rise to such an implication of prejudicial bias that counsel was constitutionally ineffective for failing to inquire further or request replacement of the juror. *See Hughes v. United States*, 258 F.3d 453, 458 (6th Cir. 2001) ("Petitioner's claim of ineffective assistance of counsel is grounded in the claim that counsel failed to strike a biased juror. To maintain a claim that a biased juror prejudiced him, however, Petitioner must show that the juror was actually biased against him." (internal quotation marks and brackets omitted)); *see also United States v. Brooks*, 569 F.3d 1284, 1289 (10th Cir. 2009) (describing the very limited circumstances in which we will find actual or implied juror bias, none of which appear in this case).

---

[2] A different handwriting expert testified for the defense that Appellant's signature had been forged on certain other documents. However, the defense expert did not review or dispute the government expert's conclusions regarding the documents he testified had been signed by Appellant.

Finally, because Appellant has not "articulated facts which, if proven, would entitle him to relief," *United States v. Weeks*, 653 F.3d 1188, 1200 (10th Cir. 2011), we reject Appellant's argument that the district court erred in denying his habeas petition without holding an evidentiary hearing.

We therefore **DENY** Appellant's request for a certificate of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge