People v Garrett (2022 NY Slip Op 00064)





People v Garrett


2022 NY Slip Op 00064


Decided on January 06, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 06, 2022

Before: Kern, J.P., Mazzarelli, Gesmer, González, Rodriguez, JJ. 


Ind No. 3598N/14 Appeal No. 14999 Case No. 2016-1180 

[*1]The People of the State of New York, Respondent,
v
Thomas Garrett, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Laura Boyd of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Molly Morgan of counsel), for respondent.



Judgment, Supreme Court, New York County (Neil E. Ross, J.), rendered August 31, 2015, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third and fourth degrees, and sentencing him, as a second felony drug offender, to concurrent terms of 2½ years, unanimously affirmed.
Defendant's conviction under 18 USC § 513(a) qualifies as a predicate felony, because it includes all the essential elements of the equivalent felonies in New York (see People v Helms, 30 NY3d 259 [2018]). The purported predicate federal statute prohibits the making, uttering, or possessing of a counterfeited or forged security with intent to deceive. The comparable New York statutes prohibit the making of a written instrument with intent to deceive (Penal Law § 170.10 [forgery in the second degree]), and the uttering or possessing of a forged instrument "with knowledge that it is forged" and with intent to deceive (Penal Law § 170.25 [criminal possession of a forged instrument in the second degree]). Defendant contends that his conviction under 18 USC § 513(a) cannot serve as a predicate felony because that statute does not expressly require that a defendant have knowledge that the security being made, uttered, or possessed was counterfeited or forged. By contrast, he claims, the New York statutes include such a knowledge element. Various federal courts, however, have read a knowledge element into the statute (see e.g. United States v Lee, 401 Fed Appx 336, 339 [10th Cir 2010], cert denied 563 US 990 [2011]; United States v Young, 282 F3d 349, 352 [5th Cir 2002]; United States v Peters, 462 F3d 953, 959 [8th Cir 2006]; United States v Blood, 435 F3d 612, 622-623 [6th Cir 2006]; United States v Bowser, 15 Fed Appx 638, 639 [10th Cir 2001]; but see United States v Kellum, 119 Fed Appx 32, 34 [9th Cir 2004], cert denied 543 US 974 [2004]). Moreover, the text of the statute itself implies such an element because it is impossible to "make" a counterfeit or forged document, or to utter or possess such a document "with intent to deceive," without knowing its falsity.
In view of the foregoing, we need not reach defendant's remaining contention that, in an alternative ruling, the court erred in relying on the factual allegations in the federal indictment in finding that defendant had committed a New York felony. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2022