**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 19 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

VANDERBILT MORTGAGE AND
FINANCE, INC.,

Plaintiff-Appellant,

v.

EVERETT IMOTICHEY,

Defendant-Appellee.

No. 02-7021
(D.C. No. 00-CV-535-P)
(E.D. Okla.)

**ORDER AND JUDGMENT**  *

Before **SEYMOUR** , **EBEL** , and **O'BRIEN** , Circuit Judges.
.

After examining the appellant's brief and the appellate record, this panel

has determined unanimously to grant the appellant's request for a decision on its

brief without oral argument.[1] *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

---

*       This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]      The appellee has not filed a brief.

Plaintiff Vanderbilt Mortgage and Finance, Inc. (VMF) seeks review of an order of the magistrate judge [2] sua sponte vacating a default judgment for breach of contract that VMF had obtained against defendant Everett Imotichey, and of the magistrate judge's subsequent denial of VMF's motion for reconsideration or new trial. [3] As discussed below, this appeal turns on a question of law, regarding the legal effect of an anti-assignment clause. Consequently, our review is de novo. *See EEOC v. Ackerman, Hood & McQueen, Inc.*, 956 F.2d 944, 946 (10 th Cir. 1992) ("[W]e review all legal issues de novo."); *Skaggs v. Otis Elevator Co.*, 164 F.3d 511, 514 (10 th Cir. 1998) (while denial of new trial is generally reviewed under abuse of discretion standard, "[w]hen the district court's decision

---

[2]    The magistrate judge proceeded on written consent of the parties under the authority of 28 U.S.C. § 636(c).

[3]    Ordinarily, an order vacating a default judgment is not final and, hence, not appealable, as it "leaves the case pending for further determination . . . akin to an order granting a new trial." *Ballard v. Baldridge*, 209 F.3d 1160, 1161 (9 th Cir. 2000) (quotation omitted); *see Joseph v. Office of Consulate Gen. of Nigeria*, 830 F.2d 1018, 1028 (9 th Cir. 1987) (rejecting appeal of order setting aside default judgment "where the setting-aside paves the way for a trial on the merits"); *Dimmet & Owens Fin., Inc. v. United States*, 787 F.2d 1186, 1192 (7 th Cir. 1986) ("usually [such an] order is not a final order but merely a preliminary to a trial of the case, and hence it is not reviewable till the trial is concluded"). However, as explained in our merits analysis, the magistrate judge's rationale for vacating the default judgment here was that it was *void* because VMF had *no enforceable contract right* against Imotichey. Rather than paving the way for trial, that decision effectively "end[ed] the litigation on the merits," *Desktop Direct, Inc. v. Digital Equip. Corp.*, 993 F.2d 755, 757 (10 th Cir. 1993) (quotation omitted), and put VMF "effectively out of court," *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 994 (10 th Cir. 2000) (quotation omitted). It is, therefore, a final decision reviewable pursuant to 28 U.S.C. § 1291.

turns on an issue of law . . . its determination on that question is reviewed *de novo*"). We reverse and remand for reinstatement of the default judgment.

Imotichey receives monthly payments under a tort settlement agreement structured to take advantage of tax benefits allowed under 26 U.S.C. § 130(c). In particular, the agreement expressly precludes any acceleration or assignment of Imotichey's rights. The monthly payments he receives, commencing in 1992 and guaranteed through July of 2012, are funded by an annuity purchased by Liberty Life Assurance Company.

Despite the prohibition on assignment, Imotichey contracted to sell his benefits under the settlement/annuity to VMF's predecessor in interest in exchange for a lump sum payment. Thereafter, however, he evidently continued to receive the annuity payments and keep them for his own use. VMF brought this action to enforce the contract and ultimately obtained a default judgment against Imotichey for $121,908 in damages.

VMF then sought to garnish the LLA annuity. On cross-motions for summary judgment, the magistrate judge ruled in favor of LLA, holding that the anti-assignment provision in the settlement agreement precluded VMF from reaching the annuity as Imotichey's assignee and that VMF could not otherwise attach the annuity. VMF did not appeal–and does not now challenge–that decision.

-3-

With satisfaction not forthcoming from Imotichey himself, VMF filed an application seeking an order directing Imotichey to turn over the monthly annuity payments as he receives them. In a minute order, the magistrate judge not only denied this application but sua sponte vacated the default judgment against Imotichey as "void" based on the intervening decision in the garnishment dispute "wherein [he] specifically found [Imotichey] did not have the power to assign his right to payments." Aplt. App. Vol. 1, at 147. VMF moved for reconsideration of the vacatur order, citing controlling Oklahoma law that "an assignor of a contract containing a valid anti-assignment provision may not invoke the clause as against its assignee." *In re Kaufman*, 37 P.3d 845, 855 (Okla. 2001) (affirming principle "well settled in Oklahoma jurisprudence as early as 1939," and noting "a more perfect illustration of the necessity for the doctrine of estoppel could hardly be stated," quoting *Harris v. Tipton*, 90 P.2d 932, 935 (Okla. 1939)); *see also State Farm Fire & Cas. Ins. Co. v. Farmers Ins. Exch.*, 489 P.2d 480, 482 (Okla. 1971). The magistrate judge denied this motion in a minute order without addressing *Kaufman* or the estoppel principle it reaffirmed. *See* Aplt. App. Vol. 1 at 179. VMF now appeals, relying on *Kaufman* and also noting that Imotichey had agreed both to assign his rights under the settlement/annuity and to remit any payments he might personally receive contrary to that purported assignment.

*Kaufman* involved an assignment of rights under a structured settlement very similar to Imotichey's and specifically held that, while the assignment was prohibited by a provision in the settlement agreement and thus not enforceable generally, the assignor himself could not rely on the provision to avoid his own contractual obligation to an assignee. *See Kaufman*, 37 P.3d at 849-55. We agree with VMF that *Kaufman* controls here and vitiates the magistrate judge's sole rationale for vacating the default judgment against Imotichey. Accordingly, we reverse and remand for reinstatement of the judgment. We express no opinion on the appropriateness of any particular means by which VMF may seek to satisfy its judgment; that is a matter left in the first instance to the sound discretion of the trial court. *See generally Dias v. Bank of Hawaii*, 732 F.2d 1401, 1402 (9 th Cir. 1984) (discussing Fed. R. Civ. P. 69(a)); *Burke v. Guiney*, 700 F.2d 767, 773 (1 st Cir. 1983) (same); *Gates v. Collier*, 616 F.2d 1268, 1271 (5 th Cir. 1980) (same), *reh'g granted on other grounds*, 636 F.2d 942 (5 th Cir. 1981).

The decision of the magistrate judge is REVERSED, and the cause is REMANDED for further proceedings consistent herewith.

Entered for the Court

Stephanie K. Seymour
Circuit Judge

-5-