**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 30, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES FRANKLIN BROOKS,

Defendant - Appellant.

No. 08-5133

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
**(D. Ct. No. 4:08-CR-00061-TCK-1)**

---

Fred Randolph Lynn, Tulsa, Oklahoma, appearing for Appellant.

Dennis A. Fries, Assistant United States Attorney (David E. O'Meilia, United States Attorney, with him on the brief), Office of the United States Attorney for the Northern District of Oklahoma, Tulsa, Oklahoma, appearing for Appellee.

---

Before **TACHA**, **McWILLIAMS**, and **TYMKOVICH**, Circuit Judges.

---

**TACHA**, Circuit Judge.

A jury convicted James Brooks on two counts of robbery and three weapons offenses. Mr. Brooks later filed a pro se motion that he termed a "motion for mistrial," based primarily on alleged ineffective assistance of counsel. After

retaining new counsel, Mr. Brooks filed a motion for an evidentiary hearing to determine whether a particular juror was impermissibly biased. The district court denied both motions. Mr. Brooks appeals the district court's decision not to hold an evidentiary hearing. He also asserts, for the first time on appeal, that the district court erred by failing to fully apprise him of his rights at his initial appearance. Exercising jurisdiction under 28 U.S.C. § 1291, we conclude that the district court did not abuse its discretion in declining to hold an evidentiary hearing, and that it did not commit plain error at Mr. Brooks's initial appearance. We therefore AFFIRM Mr. Brooks's conviction.

## I. BACKGROUND

On May 7, 2008, a jury found Mr. Brooks guilty on all five counts of a five-count indictment, including two counts of robbery, *see* 18 U.S.C. §§ 1951 and 1952, and three weapons offenses. *See id.* §§ 924(c)(1)(A)(ii), 922(g)(1), 924(a)(2). On June 9, Mr. Brooks filed a pro se motion that he labeled "motion for mistrial." He argued that his trial counsel had been ineffective. He also stated that his sister had informed him, on the last day of his trial, that she knew a member of the jury ("the Juror"), and that he had been inside the Juror's home. Mr. Brooks then obtained new counsel, who filed a motion for an evidentiary hearing to assess juror bias. The motion urged the court to investigate whether the Juror misled the court during voir dire about her contact with Mr. Brooks, and whether she discussed her contact with Mr. Brooks with other jurors.

The district court considered both the "motion for mistrial" and the motion for an evidentiary hearing at Mr. Brooks's sentencing hearing. The court stated that the "motion for mistrial" had been filed out of time, and Mr. Brooks's counsel did not disagree. Mr. Brooks's sister, LaVada Griffin, was called to testify in support of the motion for an evidentiary hearing. She stated that she was a regular customer of the Juror, who was a dress and costume maker. She said that she and the Juror had been in frequent contact—at least three times each week—from 2000 to 2006. According to Ms. Griffin, Mr. Brooks had accompanied her and other women to the Juror's home on several occasions. She estimated that Mr. Brooks was in the Juror's presence five or six times. Ms. Griffin testified that her relationship with the Juror ended badly when Ms. Griffin was unable pay for an order. On cross-examination, Ms. Griffin said she could not produce any receipts or any other tangible evidence of her relationship with the Juror.

During voir dire, the potential jurors were asked whether they knew Mr. Brooks and whether they knew anyone on a witness list that included Ms. Griffin's name.[1] No juror responded affirmatively to either question. The record provides no indication that Mr. Brooks recognized the Juror as an acquaintance. In his "motion for mistrial," he wrote that he "was *informed by my sister . . .* that

---

[1]The transcript indicates that the U.S. Attorney who read the witness list misidentified Ms. Griffin as "Lavana" Griffin. She never testified.

she knew a member of my jury and that I had been inside her home." (Emphasis added). Ms. Griffin testified that she did not attend the trial until the final day, when the jury read the verdict. She said she recognized the Juror and said something to Mr. Brooks's attorney, but he took no action.

After hearing Ms. Griffin's testimony, the district court denied Mr. Brooks's motion for an evidentiary hearing.[2] The court said there was no evidence of actual bias, and no "extraordinary circumstances" that would justify holding a hearing or conducting a new trial. The court also laid out the test for granting a new trial based on juror bias, as articulated in *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548 (1984). The court stated that the test applied to "intentionally incorrect responses" by jurors during voir dire and thus did not support granting Mr. Brooks a new trial. *See id.* at 556 (holding that a party seeking a new trial must demonstrate that "a juror failed to answer honestly a material question on *voir dire*").

On appeal, Mr. Brooks argues that the district court erred in denying his

_____

[2]Mr. Brooks's motion requested a "*Remmer* hearing." *See Remmer v. United States*, 347 U.S. 227 (1954). A *Remmer* hearing is appropriate only when the defendant demonstrates there was a "private communication, contact, or tampering directly or indirectly, with a juror during a trial," and "the communication or contact was about the matter pending before the jury." *United States v. Robertson*, 473 F.3d 1289, 1294 (10th Cir. 2007) (quotations omitted). Because Mr. Brooks never alleged that a "private communication, contact, or tampering . . . with a juror" occurred during trial, the district court correctly determined that a *Remmer* hearing was inappropriate. Instead, it properly evaluated Mr. Brooks's motion as a motion for an evidentiary hearing under the standards used to assess juror bias.

motion for an evidentiary hearing. He also asserts that the court erred during his initial appearance, when it did not advise him of his right to a preliminary hearing and of his right not to testify.

## II. DISCUSSION

A.     Juror Bias

Under the Sixth Amendment, a defendant has the right to be tried "by an impartial jury." U.S. Const. amend. VI. Included in that right is the right to a jury "capable and willing to decide the case solely on the evidence before it." *United States v. Cerrato-Reyes*, 176 F.3d 1253, 1259 (10th Cir. 1999) (quotations omitted), *abrogated on other grounds by United States v. Duncan*, 242 F.3d 940 (10th Cir. 2001). When a juror's bias against a defendant affects the juror's evaluation of trial evidence, the bias violates the defendant's constitutional right to a fair trial. *See Skaggs v. Otis Elevator Co.*, 164 F.3d 511, 515 (10th Cir. 1998).

We review for abuse of discretion a district court's denial of a motion for an evidentiary hearing based on a claim of juror bias. *Robertson*, 473 F.3d at 1294. A court confronted with such a claim "has wide discretion in deciding how to proceed" and appropriately denies a hearing when a party presents "only thin allegations of jury misconduct." *United States v. Easter*, 981 F.2d 1549, 1553 (10th Cir. 1992) (quotations omitted). A hearing is not required when it would not be "useful or necessary" in determining whether a defendant's rights were

violated. *Robertson*, 473 F.3d at 1294 (quotations omitted).

The record shows that a hearing would not have been "useful or necessary" in this case. Mr. Brooks sought a hearing to determine whether he was entitled to a new trial. On an allegation of juror bias, there are two possible avenues for a new trial. First, Mr. Brooks would be entitled to a new trial if he could demonstrate that a juror was dishonest during voir dire, and that an honest answer would have been grounds to challenge the juror for cause. *McDonough*, 464 U.S. at 555. He also would be entitled to a new trial if he could show either that a juror was actually biased, or that the facts allow an implication that a juror was biased. *Gonzalez v. Thomas*, 99 F.3d 978, 985 (10th Cir. 1996). Based on Mr. Brooks's scant evidence, the district court was within its "wide discretion" in ruling that a hearing was unnecessary to determine whether Mr. Brooks should be granted a new trial.

There is no evidence that the Juror recognized Mr. Brooks. Ms. Griffin testified that Mr. Brooks was in the Juror's presence five or six times over a six-year period. On those occasions, their interaction was limited to polite conversation in the presence of others. Ms. Griffin also testified that Mr. Brooks was last in the Juror's presence two years before the trial. Mr. Brooks's pro se "motion for mistrial" stated that he was "informed by my sister" that he knew the juror—not that he recognized the Juror himself. Indeed, at no time has he stated that he recognized the Juror. The court therefore had no reason to doubt the

Juror's representation—by silence—that she did not know Mr. Brooks. *See Robertson*, 473 F.3d at 1294 ("Absent evidence to the contrary, we presume that jurors remain true to their oath and conscientiously observe the instructions and admonitions of the court."). In addition, Mr. Brooks's motion failed to articulate in sufficient detail how a hearing would assist him in gathering relevant facts. *Cf. United States v. Meacham*, — F.3d —, 2009 WL 1492548, at *3 (10th Cir. 2009) (holding that the district court did not abuse its discretion in denying a hearing when the defendant failed to "describe in sufficient detail" the facts underlying the motion for a hearing). For these reasons, a hearing was not necessary for the district court to determine whether the Juror was dishonest during voir dire.

Mr. Brooks has also failed to demonstrate that a hearing would be "useful or necessary" in determining actual or implied bias. Actual bias is shown "by the express admission of the juror of a state of mind prejudicial to a party's interest." *Cerrato-Reyes*, 176 F.3d at 1260 (quotations and alterations omitted). Mr. Brooks's evidence contains no express statements of any kind by the Juror, much less an express statement of prejudice. His evidence also fails to demonstrate implied bias because it offers no indication that the Juror had a "personal connection to the parties or circumstances of the trial,"[3] or that there were

---

[3]A "personal connection" can be shown, for example, by "a revelation that the juror is an actual employee of the prosecuting agency, that the juror is a close relative of one of the participants in the trial or the criminal transaction, or that the juror was a witness or somehow involved in the criminal transaction."

(continued...)

-7-

"similarities between the personal experiences of the juror and the issues being litigated." *See Skaggs*, 164 F.3d at 517. *See also Gonzales*, 99 F.3d at 987 (holding that the implied bias doctrine should only be invoked in "extreme and exceptional circumstances that leave serious question whether the trial court subjected the defendant to manifestly unjust procedures resulting in a miscarriage of justice") (quotations and alterations omitted).

As noted above, the Juror had little personal relationship with Mr. Brooks. Her relationship with Ms. Griffin is not relevant because Ms. Griffin was not in the courtroom until the jury returned to reveal its verdict. Thus, the Juror would not have connected Ms. Griffin to Mr. Brooks before voting on the verdict. Accordingly, the court did not abuse its discretion in determining that a hearing was unnecessary to determine actual or implied bias.

B.      Alleged Procedural Errors at the Initial Appearance

Mr. Brooks next argues that he is entitled to a new trial because the district court, at his initial appearance, failed to comply with Rule 5(d) of the Federal Rules of Criminal Procedure. Because Mr. Brooks makes this argument for the first time on appeal, we review the district court's actions for plain error. *See United States v. DeShazer*, 554 F.3d 1281, 1288 (10th Cir. 2009); *see also United States v. Vonn*, 535 U.S. 55, 65–66 (2002) (applying the plain error rule to the

---

[3](...continued)
*Skaggs*, 164 F.3d at 517 (quotations omitted).

Federal Rules of Criminal Procedure). Plain error "is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *DeShazer*, 554 F.3d at 1288 (quoting *United States v. Muñoz-Nava*, 524 F.3d 1137, 1147 (10th Cir. 2008)).

The district court did not err by failing to advise Mr. Brooks of his right to a Rule 5(d) preliminary hearing. The Federal Rules of Criminal Procedure require the court, at a defendant's initial appearance, to advise the defendant of "*any* right to a preliminary hearing." Fed. R. Crim. P. 5(d)(1)(D) (emphasis added). Because Mr. Brooks had been indicted before his initial appearance, he had no right to a preliminary hearing. *See* Fed. R. Crim. P. 5 advisory committee's note, 1972 amend. n.3; 18 U.S.C. § 3060(e). The district court therefore had no duty to advise him of such a right.

The district court did err by failing to advise Mr. Brooks of his right not to make a statement. *See* Fed. R. Crim. P. 5(d)(1)(E). However, this error was not plain error because it did not affect Mr. Brooks's substantial rights. A defendant demonstrates that an error affects his substantial rights by showing "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *United States v. Cook*, 550 F.3d 1292, 1298 (10th Cir. 2008) (quotations omitted). The error in this case appears to have had no effect at all. At the initial appearance, Mr. Brooks merely pleaded not guilty and indicated that

he understood certain statements that the judge had made. At trial, he exercised his right to remain silent by not testifying. On appeal, Mr. Brooks has not identified any incriminating statements that he made during or after his initial appearance. We therefore conclude that the district court's error did not affect his substantial rights.

### III. CONCLUSION

The district court did not abuse its discretion by declining to hold an evidentiary hearing to investigate juror bias. The district court did not commit plain error at Mr. Brooks's initial appearance. For these reasons, we AFFIRM Mr. Brooks's conviction.