FILED
United States Court of Appeals
Tenth Circuit

April 9, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RAMON RODRIGUEZ,

        Petitioner-Appellant,

    v.

RAY ROBERTS, STEPHEN N. SIX, Attorney General of the State of Kansas,

        Respondents-Appellees.

No. 10-3015

(D. of Kan.)

(D.C. No. 5:09-CV-3034-RDR)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

---

Ramon Rodriguez, a Kansas state prisoner proceeding pro se,[1] seeks to challenge the federal district court's denial of his habeas petition. Rodriguez

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] We construe Rodriguez's "pro se pleadings and other papers liberally, but we do not assume the role of advocate, and his pro se status does not relieve him of his obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Merryfield v. Jordan*, 584 F.3d 923, 924 n.1 (10th Cir. 2009) (internal punctuation omitted).

contends numerous errors during his state court trial and appeal require overturning his conviction. We exercise jurisdiction under 28 U.S.C. §§ 1291 and 2253. Because we conclude Rodriguez fails to demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), we DENY a certificate of appealability (COA) and DISMISS the petition.

## I. Background

In 1997, Kansas state prosecutors charged Rodriguez with rape, aggravated criminal sodomy, and criminal restraint. The government presented evidence at trial that the victim, J.S., fell asleep at an acquaintance's house after drinking at a nearby nightclub. J.S. testified she fell asleep fully clothed but awoke naked below the waist with Rodriguez on top of her. J.S. claimed Rodriguez threatened her, then sexually assaulted her. J.S. emerged from the bedroom extremely agitated and accused Rodriguez of raping her, according to J.S. and two other witnesses who testified at trial. J.S. left the house and drove to a gas station where she called the police. Officers recorded J.S.'s statement regarding what had occurred and performed a rape kit procedure, although no physical evidence implicating Rodriguez was found. A jury convicted Rodriguez on all but one count. He was sentenced to 300 months' imprisonment.

Rodriguez began his post-conviction litigation with a direct appeal in state court. The Kansas Court of Appeals overturned the criminal restraint conviction

because it held the conviction should have been subsumed in the rape offense. The court rejected Rodriguez's remaining claims, and the Kansas Supreme Court denied review.

Rodriguez then filed a habeas petition in state court alleging discrimination during jury selection, prosecutorial misconduct, insufficiency of the evidence, and ineffective assistance of trial and appellate counsel, among other claims. The state district court denied Rodriguez's habeas petition, the state appeals court affirmed, and the state supreme court denied review.

Rodriguez filed a federal habeas petition on grounds similar to those in his state petition. Like the state court, the federal district court denied his petition. Rodriguez subsequently filed this appeal.

## II. Discussion

Rodriguez's habeas petition alleges five sets of errors: (1) unconstitutional jury selection, (2) improper admission of certain evidence, (3) insufficient evidence to sustain his conviction, (4) ineffective assistance of trial and appellate counsel, and (5) prosecutorial misconduct. To obtain a COA, he must show the state court's rulings were "contrary to, or involved an unreasonable application of, clearly established Federal law," or were "based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254(d). We may only grant a COA if reasonable jurists would find the district court's merits and procedural rulings debatable or wrong. *See Slack*, 529 U.S. at 484.

*A. Jury Selection*

Liberally construed, Rodriguez's appeal challenges the denial of two claims related to jury selection. First, he argues the state trial court's refusal to strike two jurors during voir dire violated his right to a fair trial. Second, he claims prosecutors discriminated on the basis of sex when they exercised their peremptory challenges. We hold the district court's judgment of Rodriguez's jury-related claims is correct and beyond reasonable debate.

Rodriguez's first jury selection claim centers on two jurors. Rodriguez argues the district court should have disqualified one juror because he was preoccupied with business dealings that occurred during trial and, initially, he did not understand the government's burden of proof. Similarly, Rodriguez complains that a second juror also misunderstood the appropriate burden of proof.

The Sixth Amendment provides that "a defendant has the right to be tried by an impartial jury. Included in that right is the right to a jury capable and willing to decide the case solely on the evidence before it." *United States v. Brooks*, 569 F.3d 1284, 1288 (10th Cir. 2009) (internal citation and punctuation omitted). The Supreme Court has cautioned, however, that courts have "come a long way from the time when all trial error was presumed prejudicial and reviewing courts were considered 'citadels of technicality.'" *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 553 (1984). Indeed, Congress codified harmless error review more than 60 years ago. *See* 28 U.S.C. § 2111.

It is beyond reasonable debate that regardless of Rodriguez's concerns about jury selection, the jurors did not jeopardize his right to a fair trial. During voir dire, both jurors expressed some confusion about the burden of proof. Nonetheless, the jurors were properly instructed regarding the burden of proof. *See* Instruction No. 6 ("The State has the burden to prove the defendant is guilty. The defendant is not required to prove he is not guilty."). "We presume jurors will conscientiously follow the trial court's instructions," *United States v. Cardinas Garcia*, 596 F.3d 788, 798 (10th Cir. 2010) (internal punctuation omitted), and Rodriguez gives us no reason to depart from that presumption here.

Rodriguez's contention that outside business preoccupied a juror during trial has minimal support in the record. The juror admitted he had business obligations during the trial week, but did not ask to be excused. To the contrary, under direct questioning from Rodriguez's counsel, the juror intimated he would be able to put his business dealings out of his mind during trial. Nor does Rodriguez explain how the juror's business prejudiced his right to a fair trial.

Rodriguez's second jury selection claim involves the government's use of peremptory challenges. Rodriguez argues the government committed sex discrimination when it used its peremptory challenges disproportionately to strike male veniremen.[2]

---

[2] In passing, Rodriguez's habeas appeal attempts to state a racial discrimination claim, as well. This argument was not made in his habeas

(continued...)

The Equal Protection Clause prohibits "[p]urposeful racial discrimination in selection of the venire . . . ." *Batson v. Kentucky*, 476 U.S. 79, 86 (1986). The Supreme Court later extended equal protection to prohibit peremptory challenges based on sex. *See J.E.B. v. Alabama*, 511 U.S. 127, 130–31 (1994). *Batson* challenges based on race or sex are analyzed using a three-step, burden-shifting process. First, the defendant must show "the totality of the relevant facts gives rise to an inference of discriminatory purpose." *United States v. Barrett*, 496 F.3d 1079, 1104 (10th Cir. 2007). If the defendant is successful, the government must provide gender-neutral reasons for its peremptory strikes. *See id.* "Finally, if the government tenders a []neutral explanation, the trial court must then decide . . . whether the opponent of the strike has proved purposeful [] discrimination." *Id.* (internal punctuation omitted).

The district court's denial of Rodriguez's *Batson* challenges is correct and beyond reasonable debate. The government presented gender-neutral explanations for its peremptory strikes, including intelligence, demeanor, aggressiveness, and age. Rodriguez disputed the legitimacy of the government's reasons, but the trial judge credited the government. "The district court's answer to the ultimate question of discriminatory intent represents a finding of fact of the sort accorded great deference on appeal, because such a finding largely turns on

[2](...continued)
petition—nor in his direct appeal—and therefore we decline to address it. *See Cummings v. Norton*, 393 F.3d 1186, 1190–91 (10th Cir. 2005).

the trial court's evaluation of the prosecutor's credibility." *United States v. Nelson*, 450 F.3d 1201, 1207 (10th Cir. 2006) (internal punctuation omitted). On appeal, Rodriguez only makes conclusory allegations concerning the government's motives. The voir dire record gives us no additional reasons to overturn the trial court's considered judgment.

### B. Admission of Evidence

Rodriguez also alleges the state trial court committed numerous evidentiary errors. Liberally construed, Rodriguez contends the victim's out-of-court statements were improper hearsay, an officer's testimony about bedroom lighting was based on improper hearsay, the victim impact statement was unfairly prejudicial, evidence related to the restraint charge should have been barred as it related to the other charges, and the trial court admitted cumulative evidence.

Ordinarily, state courts' evidentiary rulings cannot be challenged in a federal habeas petition because they do not involve "clearly established Federal law." *See* 28 U.S.C. § 2254(d); *see also Smallwood v. Gibson*, 191 F.3d 1257, 1275 (10th Cir. 1999) ("Federal habeas review is not available to correct state law evidentiary errors; rather it is limited to violations of constitutional rights."). In extreme cases, however, if "evidence is introduced that is so unduly prejudicial that it renders the trial fundamentally unfair, the Due Process Clause of the Fourteenth Amendment provides a mechanism for relief." *Payne v. Tennessee*, 501 U.S. 808, 825 (1991).

The federal district court concluded that the state trial court's evidentiary rulings did not violate Rodriguez's due process rights. The district court's ruling is correct and beyond reasonable debate. The victim testified extensively at trial, and her testimony related to the allegedly improper out-of-court statements, the lighting and other conditions in the bedroom, and how the rape disturbed her. Although we do not pass on the state law evidentiary ruling, we are confident given the victim's testimony that even if the trial court had erred in admitting certain evidence, the errors did not render the trial unconstitutionally unfair. Similarly, even assuming the government's evidence was cumulative, Rodriguez does not explain how its admission was so egregious as to violate his due process rights.

Finally, the Kansas Court of Appeals' ruling that the restraint charge was duplicative does not require that Rodriguez be given a new trial. The state court merely held that the restraint was part of the rape. Thus, the restraint evidence was evidence of the rape, and the state court's ruling did not require a new trial.

*C. Sufficiency of the Evidence*

Rodriguez claims there was insufficient evidence to support a verdict of guilt beyond a reasonable doubt. Rodriguez's primary argument seems to be that there was no physical evidence linking him to the crime. "When reviewing the sufficiency of the evidence on a habeas corpus petition, the relevant question is 'whether, after viewing the evidence in the light most favorable to the

-8-

prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Turrentine v. Mullin*, 390 F.3d 1181, 1197 (10th Cir. 2004) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Circumstantial evidence alone may support a criminal conviction. *See Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100 (2003) ("[W]e have never questioned the sufficiency of circumstantial evidence in support of a criminal conviction, even though proof beyond a reasonable doubt is required.").

The district court held there was sufficient evidence to support Rodriguez's conviction. We agree, and the district court's ruling is beyond reasonable debate. The victim testified extensively at trial, and other witnesses corroborated parts of her testimony. She reported the crime almost immediately to police, and her description of events at that time was largely consistent with her testimony. In short, there was sufficient evidence to convict Rodriguez.

### D. *Effective Assistance of Counsel*

Rodriguez argues that both his trial and appellate counsel were unconstitutionally ineffective. Among other claims, Rodriguez contends his trial counsel should have impeached the victim by introducing various tax information, ordered DNA tests of hair at the crime scene, provided an English-Spanish interpreter, and advised Rodriguez to testify. Rodriguez contends his appellate counsel should have argued the voir dire issues relating to the two jurors discussed above.

The Sixth Amendment guarantees criminal defendants "Assistance of Counsel" that is "effective." *See Strickland v. Washington*, 466 U.S. 668, 685–86 (1984). To show counsel was ineffective in violation of the Sixth Amendment, a criminal defendant must demonstrate both that "counsel's performance was deficient" and "the deficient performance prejudiced the defense." *Id.* at 687. Elaborating on the prejudice requirement, the Supreme Court explained the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The district court held Rodriguez's trial and appellate counsel were not unconstitutionally ineffective. The district court's ruling is correct and beyond reasonable debate. Rodriguez alleges his trial counsel committed numerous errors, but he does not provide any reason to suspect he would have been acquitted had any of the alleged errors—individually or collectively—not been committed. Mere speculation about a different outcome cannot satisfy *Strickland*'s prejudice requirement. *See United States v. Boone*, 62 F.3d 323, 327 (10th Cir. 1995) (holding "speculation, not a reasonable probability that the outcome would have been different[,] . . . cannot establish prejudice"). In Part II.A. of this Order, we addressed the jury voir dire. Because we held voir dire did not jeopardize Rodriguez's right to a fair trial, appellate counsel's failure to argue the issue did not prejudice Rodriguez's defense.

*E. Prosecutorial Misconduct*

Finally, Rodriguez alleges numerous instances of prosecutorial misconduct. Some of Rodriguez's allegations, such as one concerning peremptory strikes, are restatements of his other habeas claims. Others, such as Rodriguez's allegation that the prosecutor fabricated evidence, are speculation. The remaining allegations concern statements the government made during its opening and closing arguments. Rodriguez essentially conceded that he did not raise prosecutorial misconduct claims on direct appeal, and therefore the state court held the claims were waived. A state procedural bar will be upheld unless "cause and prejudice" excuses the bar or refusing to consider the defaulted claims "result[s] in a fundamental miscarriage of justice." *Neill v. Gibson*, 278 F.3d 1044, 1057 (10th Cir. 2001).

The district court held the state procedural bar was valid. The district court's decision is correct and beyond reasonable debate. Liberally construed, the only cause for the procedural default Rodriguez alleges is the ineffective assistance of his counsel. However, assuming arguendo that his counsel performed deficiently, Rodriguez has not demonstrated "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Rodriguez is left with the argument that enforcing the default would work a fundamental miscarriage of justice. That argument fails because nothing in

-11-

Rodriguez's petition or brief lead us to believe, more likely than not, he is actually innocent. *See Coleman v. Thompson*, 501 U.S. 722, 748 (1991) (describing a fundamental miscarriage of justice as when "a constitutional violation has probably resulted in the conviction of one who is actually innocent").

## III. Conclusion

For the foregoing reasons, we DENY a certificate of appealability (COA) and DISMISS the petition.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge